IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

THOMAS HORTON,

          Plaintiff,

v.                                                                         CIVIL ACTION NO.   5:16-cv-08949

JEFFERSON CAPITAL
SYSTEMS, LLC, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiff's Motion that the Court Require the Defendants to Prove the Jurisdictional Amount for CAFA Jurisdiction, or in the Alternative, to Permit Plaintiff to Conduct Limited Discovery of Defendants' Ability to Establish Amount in Controversy and Plaintiff's Motion to Remand* (Document 7) and *Jefferson Capital Systems, LLC's Opposition to Plaintiff's Motion to Remand* (Document 15), as well as all exhibits.  In addition, the Court has reviewed the Plaintiff's *Individual and Class Action Complaint* (Document 1-1) and Jefferson Capital Systems, LLC's *Notice of Removal* (Document 1).   For the reasons stated herein, the Court finds that the motion to remand should be granted.

### FACTS

Plaintiff Thomas Horton is a resident of Raleigh County, West Virginia.  He filed his *Individual and Class Action Complaint* (Document 1-1) in the Circuit Court of Raleigh County on August 11, 2016, and the Defendants removed the action to federal court on Septemb 16, 2016.

Mr. Horton named the following Defendants: Jefferson Capital Systems, LLC (JCS), a Georgia corporation with a principal place of business in Minnesota; D&A Services, LLC, an Illinois corporation with a principal place of business in Illinois; and Fenton & McGarvey Law Firm, P.S.C, a Kentucky firm with principal offices in Kentucky. Mr. Horton obtained a credit card account from World Financial Network National Bank, later Comenity Bank. An alleged balance of $1,015.00 remains, and Mr. Horton last made a payment on August 31, 2011. Comenity Bank sold the debt to JCS, which retained D&A and Fenton & McGarvey to collect it. D&A sent a collection letter dated December 2, 2015, and Fenton & McGarvey sent a collection letter dated May 3, 2016. The Plaintiff contends the debt was beyond the three-year statute of limitations under Delaware law at the time the collection letters were sent.[1] The collection letters did not contain language stating that the debt was time-barred, as required under West Virginia law.

Mr. Horton alleges both individual and class claims. The tentative class definition in the complaint is: "All West Virginia consumers from whom defendants, or any one of them, attempted to collect a time-barred debt without the notice and disclaimers required by West Virginia Code 46A-2-128(f)." (Compl. at ¶ 15.) The complaint alleges violation(s) of the West Virginia Consumer Credit Protection Act (WVCCPA). – The Plaintiff seeks the following relief:

> A. That the Court enjoin Defendants from attempting to collect time-barred debt in the State of West Virginia;
> B. That a statutory penalty of $1,000.00, adjusted for inflation, pursuant to *West Virginia Code* §§ 46A-2-101(1) and 106 be awarded to Mr. Horton and each member of the class he represented for each violation of the WVCCPA;

---

1 There is some question regarding the appropriate statute of limitations, as well as the existence of a valid contract between the parties. JCS has filed a motion to compel arbitration (Document 10) based on the arbitration clause contained in a contract allegedly agreed to by customers as they submitted a credit card application, and/or were provided with the credit card. The Plaintiff contests the existence and validity of any such contract, and JCS points out that the Plaintiff's allegation that the Delaware statute of limitations is applicable to the credit card debt of West Virginia residents is presumably based on a contract to that effect.

        C.      That Defendants be ordered to account for all time-barred debt collected from the class and reimburse each such member of the class all monies collected with interest thereon for the four year period preceding the filing of this action;
        D.      That Defendants be ordered to pay Mr. Horton's reasonable attorney fees and costs pursuant to the provisions of *West Virginia Code* § 46A-5-104 and 15 U.S.C. § 1692k;
        E.      Cancellation of all debt pursuant to *West Virginia Code* § 46A-5-105; and
        F.      For such other and further relief as the Court may deem appropriate.

(*Id.* at 8.)

JCS submitted a declaration by Sue Unterberger, a compliance manager. (Document 15-1.) She states that there are more than 100 West Virginia accounts that were more than three years old, but received collection letters from either JCS or an outside servicer without notice that the debt was beyond the statute of limitations. Further, Ms. Unterberger avers that JCS owns at least 10,000 West Virginia accounts over three years old, with an aggregate balance of more than $5.6 million.

The Plaintiff filed his motion to remand on October 17, 2016, and the Defendant filed its response on November 3, 2016. The Plaintiff did not file a reply, and the motion is now ripe for review.

## STANDARD OF REVIEW

The Class Action Fairness Act (CAFA) provides for federal jurisdiction in civil class action cases with an amount in controversy over $5,000,000, at least 100 class members, and diversity between at least one plaintiff and at least one defendant. 28 U.S.C. § 1332(d). A defendant's notice of removal is held to the same pleading standards as a complaint, and need not supply supporting evidence. "[W]hen a defendant seeks federal-court adjudication, the defendant's

3

amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). After a defendant's jurisdictional allegations have been challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 553-54. Contrary to the standard for removal and remand in diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Id.* at 554. However, "as the party seeking removal, [the defendant] bears the burden of establishing federal jurisdiction." *Lanham v. Nationstar Mortg., LLC*, 169 F. Supp. 3d 658, 660 (S.D.W. Va. 2016) (Johnston, J.).

## DISCUSSION

The Plaintiff's motion to remand challenged JCS to prove the amount in controversy and class size, as required by *Dart Cherokee*. The Plaintiff argued that the allegations in the notice of removal focused on the total number of accounts in West Virginia, rather than only accounts fitting the proposed class criteria: accounts JCS attempted to collect outside the statute of limitations without giving required notice to the consumers. In response, JCS submitted a declaration by a compliance manager regarding the number of West Virginia accounts that were more than three years old, and the aggregate amount of money due on those accounts. Ms. Unterberger's declaration indicates that more than 100 West Virginia accounts more than three years old received allegedly improper collection letters. She further declares that JCS owns more than 10,000 West Virginia accounts that are more than three years old. Those accounts have an aggregate balance of more than $5.6 million. Because the Plaintiff seeks cancellation of debts and an injunction

4

barring any collection attempts on time-barred debt in West Virginia, JCS argues that the aggregate balance of accounts more than three years old is sufficient to establish the amount in controversy for CAFA jurisdiction.

JCS has provided no information regarding the number of account holders who fall within the Plaintiff's class definition. The Plaintiff defined the class to include only those West Virginia consumers who were subject to attempts by one or more of the Defendants to collect a time-barred debt without the notice required under West Virginia law. Courts within this district and in the Northern District of West Virginia have repeatedly held that a complaint should be read as a whole to determine who is a member of the putative class. *Krivonyak v. Fifth Third Bank*, No. CIV.A. 2:09-CV-00549, 2009 WL 2392092, at *5 (S.D.W. Va. Aug. 4, 2009) (Goodwin, C.J.); *Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519, 526 (S.D.W. Va. 2011) (Goodwin, C.J.); *Pirillo v. PNC Mortg. Corp.*, No. 1:12CV7, 2012 WL 761607, at *2 (N.D.W. Va. Mar. 7, 2012); *Pauley v. Hertz Glob. Holdings, Inc.*, No. CIV.A. 3:13-31273, 2014 WL 2112920, at *4 (S.D.W. Va. May 19, 2014) (Chambers, C.J.) (in-depth discussion of prior cases); *Lanham v. Nationstar Mortg., LLC*, 169 F. Supp. 3d 658, 661 (S.D.W. Va. 2016) (Johnston, J.). Though the Plaintiff's list of requested relief, read out of context with the complaint as a whole, appears to seek injunctive relief and debt cancellation as to all West Virginians, the Court finds that the relief is more appropriately read to impact only putative class members. The Court accordingly reads the request for injunctive relief to be limited to enjoining the Defendants from attempting to collect time-barred debt in West Virginia without providing the requisite notice, in violation of West Virginia law.

JCS's position also assumes that debt which is outside the statute of limitations for debt collection retains its full face value for purposes of the amount in controversy. The value of

5

injunctive relief "is measured by the value of the object of the litigation," calculated by determining "the losses that will follow" from the injunction. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 181 (1936) for the "principle that jurisdiction is to be tested by the value of the object or right to be protected against interference."). Courts "ascertain the value of an injunction for amount in controversy purposes by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010).

Out-of-statute debts cannot be enforced in court, and so the beneficiaries of an injunction on collection efforts of such debt gain only the non-economic benefit of being free of collection efforts. The cost of the proposed injunction to the Defendants is not the full value of the accounts, which they are not legally entitled to, but their opportunity cost in ceasing to attempt to collect out-of-statute debt. The amount depends on the net benefit they expect to receive by collection attempts—which necessarily depends on the number of consumers who voluntarily choose to pay debts they have no legal obligation to satisfy. JCS has provided only the full value of the accounts that are outside the statute of limitations.[2] It has provided no evidence regarding the expected return on collection efforts for expired debt.

JCS's evidence does not establish how many alleged violations have taken place, beyond the minimum of one hundred (i.e., how many letters have been sent to accounts outside the statute of limitations without notice regarding the statute of limitations). One hundred violations of the

---

2 For purposes of the motion to remand, JCS accepted the three-year statute of limitations asserted by the Plaintiff. (Resp. at 3.) Even if a different statute of limitations were applicable, the information provided by JCS would not be sufficient to demonstrate that the amount in controversy is satisfied.

6

WVCCPA does not result in statutory damages approaching $5,000,000. JCS's evidence provides no indication of any moneys collected as a result of the allegedly unlawful letters. Thus, because the Court finds that the full face value of *all* West Virginia accounts more than three years old is not "in controversy," JCS has failed to demonstrate that the amount in controversy exceeds $5,000,000. Accordingly, this Court lacks jurisdiction, and the Plaintiff's motion to remand should be granted.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion that the Court Require the Defendants to Prove the Jurisdictional Amount for CAFA Jurisdiction, or in the Alternative, to Permit Plaintiff to Conduct Limited Discovery of Defendants' Ability to Establish Amount in Controversy and Plaintiff's Motion to Remand* (Document 7) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Raleigh County, West Virginia. The Court further **ORDERS** that any pending motions be **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Court of the Circuit Court of Raleigh County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER: March 22, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA